# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| STANLEY E. HAYWARD, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 2:16-cv-02694-SHM |
| | ) |
| CHEMOURS COMPANY, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Before the Court are four motions. First is Defendant Chemours Company's Motion to Dismiss, filed on May 23, 2017. (ECF No. 15.)

Second is Defendant's Amended Motion to Dismiss, filed on May 23, 2017. (ECF No. 16.) Plaintiff Stanley E. Hayward responded on November 17, 2017. (ECF No. 25.) Defendant replied on December 6, 2017. (ECF No. 33.)

Third is Plaintiff's Motion for Leave to Re-Issue Summons and Obtain Proper Service on Chemours Company ("Motion to Re-Issue Summons"), filed on November 17, 2017. (ECF No. 26.) Defendant responded on December 1, 2017. (ECF No. 31.)

Fourth is Plaintiff's Motion for Leave to File Amended Complaint, filed on November 17, 2017. (ECF No. 27.) Defendant responded on December 1, 2017. (ECF No. 30.)

For the reasons discussed below, Plaintiff's Motion to Re-Issue Summons is GRANTED, and the Motion for Leave to File Amended Complaint is GRANTED insofar as it claims race discrimination and DENIED insofar as it claims color discrimination. Defendant's Motion to Dismiss and Amended Motion to Dismiss are DENIED AS MOOT.

I. Background

On August 26, 2016, Plaintiff filed a *pro se* complaint. (ECF No. 1.) The complaint alleges that Defendant violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), by refusing to promote Plaintiff on the basis of his race. (Id. at 1, 3-4.)[1] Also on August 26, 2016, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("Motion for Leave"). (ECF No. 2.) On September 2, 2016, the Court denied Plaintiff's Motion for Leave and directed Plaintiff to pay the filing fee. (ECF No. 7.) On September 16, 2016, Plaintiff paid the filing fee. (ECF No. 8.)

On February 15, 2017, United States Magistrate Judge Tu M. Pham entered an Order directing the Clerk of the Court to provide Plaintiff with a blank summons. (ECF No. 10 at 25.) The Order required Plaintiff to serve Defendant within 90 days from the receipt of the blank summons. (Id. at 26.)

---

[1] Unless otherwise noted, all pin-cites for record citations are to the "PageID" page number.

2

On March 20, 2017,[2] Plaintiff served Defendant's counsel with the summons. (ECF No. 12.) Defendant represents that it did not receive a copy of the complaint with service. (ECF No. 16-2 at 64.) Defendant represents that it contacted Plaintiff and requested a copy of the summons and the complaint. (Id.) Defendant represents that, on May 3, 2017, it received a copy of the summons and an altered copy of the complaint. (Id.; ECF No. 16-1.) Defendant contends that the complaint it received on May 3, 2017, differed from the complaint Plaintiff filed with the Court on August 26, 2016. (ECF No. 16-2 at 64-65.)

On May 23, 2017, Defendant filed a Motion to Dismiss. (ECF No. 15.) The same day, Defendant filed an Amended Motion to Dismiss. (ECF No. 16; cf. ECF No. 16-2.) On September 6, 2017, counsel entered an appearance on behalf of Plaintiff. (ECF No. 20.) Plaintiff responded to the Motion to Dismiss and Amended Motion to Dismiss on November 17, 2017. (ECF No. 25; see also ECF No. 25-1.) Defendants replied on December 6, 2017. (ECF No. 33.)

On November 17, 2017, Plaintiff filed his Motion to Re-Issue Summons and Motion for Leave to File Amended Com-

---

[2] According to the Court's internal docket, the blank summons and a copy of the Magistrate Judge's Order were mailed to Plaintiff on February 16, 2017. It is unknown when Plaintiff received those documents. There is no dispute, however, that Plaintiff served Defendant with the summons within 90 days of receiving the blank summons.

3

plaint. (ECF No. 27; ECF No. 26.) On December 1, Defendant responded to the Motion to Re-Issue Summons and to the Motion for Leave to File Amended Complaint. (ECF No. 31; ECF No. 30.)

**II. Jurisdiction**

Plaintiff brings suit under Title VII. Federal courts do not have jurisdiction over claims brought under Title VII "'unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge.'" Jones v. Sumser Retirement Village, 209 F.3d 851, 853 (6th Cir. 2000) (quoting Abeita v. Transamerica Mailings, Inc., 159 F.3d 246, 254 (6th Cir. 1998)). In a deferral state such as Tennessee, a plaintiff "must file a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Tennessee Human Rights Commission within three hundred (300) days of the allegedly discriminatory action, and must commence a civil action within ninety (90) days of receipt of the right to sue letter." McNeil v. City of Memphis, 2007 WL 10849852 at *1 (W.D. Tenn. June 25, 2007) (internal citations omitted).

Plaintiff filed his EEOC Charge on May 23, 2016. (ECF No. 1-1 at 8.) The EEOC Charge alleges that Plaintiff was discriminated against on March 18, 2016. (ECF No. 1-1 at 8.) Plaintiff's EEOC Charge was timely.

4

The EEOC issued its notice of right to sue on June 2, 2016. (Id. at 10.) Plaintiff filed his complaint on August 26, 2016. (ECF No. 1.) Plaintiff's Complaint was timely.

Plaintiff's EEOC Charge alleges discrimination based on race and color when Defendant's manager "[did] not follow[] bidding rules established at the Union CBA" when considering whether to promote Plaintiff. (Id.) A failure-to-promote claim under Title VII would reasonably be expected to grow out of Plaintiff's EEOC Charge. The Court has federal question jurisdiction under 28 U.S.C § 1331 over Plaintiff's Title VII claim.

**III. Analysis**

Defendant moves to dismiss Plaintiff's complaint on three grounds. First, Defendant moves to dismiss under Rule 12(b)(1) because the Court lacks subject matter jurisdiction.[3] (Id. at 67-69.) Second, Defendant moves to dismiss for insufficient process under Rule 12(b)(4). (Id. at 66-67.) Third, Defendant moves to dismiss for failure to state a claim under Rule 12(b)(6). (Id. at 69-71.)

Plaintiff contends that he "exhausted his administrative remedies prior to filing his Pro Se Complaint." (ECF No. 25-1 at 92.) Plaintiff also "moves the Court to allow Plaintiff . .

---

[3] References to "Rule __" are to the Federal Rules of Civil Procedure.

. to issue Alias Summons and to serve [Defendant]," and "is filing a concurrent motion for leave to amend." (Id. at 91-92.)

**A. Motion to Re-Issue Summons**

Plaintiff asks the Court "for an Order allowing him to obtain an Alias Summons from the Clerk, and for him to then serve Chemours Company as provided by law." (ECF No. 26 at 97.) Defendant argues that Plaintiff's Motion to Re-Issue Summons should be denied because "Plaintiff's lawsuit was filed more than 15 months ago, on August 26, 2016, and Plaintiff has still not successfully served Defendant with the lawsuit." (ECF No. 31 at 133.) "Taking more than fifteen months to properly serve a lawsuit on a Defendant that has an attorney and a registered agent exceeds the limits of reasonable leniency." (ECF No. 31 at 134.)

Rule 4(c) requires that the "summons . . . be served together with a copy of the complaint." Fed. R. Civ. P. 4(c). Rule 4(m) provides that, if service of the summons and complaint is not made on a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant." When proper service is disputed, Plaintiff "bears the burden of perfecting service of process and showing that proper service was made." Sawyer v. Lexington-Fayette Urban County Gov., 18 Fed. Appx. 285, 287 (6th Cir.

6

2001); accord McGath v. Hamilton Local Sch. Dist., 848 F. Supp. 2d 831, 836 (S.D. Ohio 2012) ("When service of process is challenged, the burden rests with the plaintiff to establish that service is properly made.").

In Turner v. City of Taylor, the Sixth Circuit held that courts apply an "excusable neglect" standard in determining whether to reissue summons after Rule 4(m)'s 120 day deadline. 412 F.3d 629, 650 (6th Cir. 2005). Turner establishes "that if good cause is shown, the Court *must* extend the time for service. The obvious implication of that language is that the Court is also empowered to grant an extension of time even if good cause is not shown." Robinson v. Genesee County Sheriff's Department, No. 16-cv-13805, 2017 WL 1105060, at *7 (E.D. Mich. Mar. 24, 2017) (emphasis in original); see also Pullen v. Cool, No. 1:16-cv-00515, 2017 WL 4339667, at *7 (S.D. Ohio Sept. 28, 2017) ("If good cause is absent, the Court has discretion to either dismiss the plaintiff's case or extend the time for service."). The Advisory Notes to Rule 4(m) provide that an extension of the time for summons "may be justified, for example, if the applicable statute of limitations would bar the refiled action." Advisory Notes, Fed. R. Civ. Pro. 4(m).

Plaintiff did not serve Defendant with the complaint filed with the Court. The complaint served and the complaint filed with the court differ in three ways: (1) paragraph 9 of the

7

original complaint alleges race discrimination, but paragraph 9 of the complaint served alleges race and color discrimination; (2) the response to paragraph 10 of the original complaint does not contain any text, but the response to paragraph 10 of the served complaint states, "Please SEE Title VII of Civil Rights Act 1964 Discrimination in Employment"; (3) the first page of the original complaint is not included in the complaint served. Compare ECF No. 1 at 1-6 with ECF No. 16-1 at 51-58.

The Court exercises its discretion to extend the Rule 4(m) deadline. Title VII provides that a civil action must be brought within ninety days after the EEOC issues a notice of right to sue. 42 U.S.C. 2000e-5(f)(1). The EEOC issued its notice of right to sue on June 2, 2016. (ECF No. 1-1 at 10.) Were the Court to deny an extension of time for service and grant Defendant's Motion to Dismiss, the statute of limitations would bar Plaintiff from refiling his action. Plaintiff's Motion to Re-Issue Summons is GRANTED.

### B. Motion for Leave to File Amended Complaint

Plaintiff argues that the Court should allow him to amend his complaint "to include the correct name of the Defendant, to make all necessary and proper allegations, and to properly state a claim upon which relief can be granted." (ECF No. 27 at 99.) Plaintiff claims that justice requires the Court to grant leave to amend the complaint. (Id. at 100.) Defendant argues that

8

the Court should deny Plaintiff's motion to amend because the amended complaint would be futile. (ECF No. 30 at 124-27.)

The statute of limitations under Title VII allows a plaintiff to bring a civil action within ninety days after the EEOC issues a notice of right to sue. 42 U.S.C. 2000e-5(f)(1). The EEOC issued its notice of right to sue on June 2, 2016. (ECF No. 1-1 at 10.) Plaintiff filed his complaint on August 26, 2016. (ECF No. 1.) Plaintiff filed his proposed amended complaint on November 17, 2017. (ECF No. 27.) The proposed amended complaint would be untimely unless it relates back to the original complaint. Relation back is governed by Rule 15(c).

Rule 15(c) provides, in relevant part, that an amended complaint may relate back to the original filing date when:

> (B) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Because Plaintiff's proposed amended complaint alters the factual content and claims asserted and changes the defendant's name, Plaintiff must satisfy Rule

9

15(c)(1)(B) and (C). Even if Rule 15(c) is satisfied, the Court need not grant a motion for leave to amend a complaint if the amendment would be futile. Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir. 2005).

### 1. Rule 15(c)(1)(B): Same Conduct

The proposed amended complaint alleges that "Plaintiff as a black employee was denied promotional opportunities enjoyed by white employees." (ECF No. 27 at 106.) The proposed amended complaint alleges that Defendant refused to promote Plaintiff because of Plaintiff's race. (Id. at 107.) Plaintiff's original complaint also alleged that Defendant refused to promote Plaintiff because of race discrimination. (ECF No. 1 at 3.) The allegations in the proposed amended complaint "arose out of the conduct . . . attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). Rule 15(c)(2) is satisfied for Plaintiff's race discrimination claim.

The proposed amended complaint also alleges discrimination on the basis of color. (ECF No. 27 at 101.) Plaintiff's original complaint does not allege color discrimination and does not allege any facts in support of color discrimination. (ECF No. 1 at 4.) Plaintiff's claim of color discrimination in his proposed amended complaint does not arise out of the same conduct alleged in Plaintiff's original complaint. Plaintiff may not amend his complaint to allege color discrimination.

10

### 2. Rule 15(c)(1)(C): New Party Had Notice

Plaintiff originally named "Chemours Company" as the defendant and now moves to amend the complaint to name "The Chemours Company FC, LLC, A Delaware Corporation" as Defendant. (Compare ECF No. 1 at 1 with ECF No. 27 at 101.) Although defendants are named differently, they appear to be the same entity. Defendant does not contend that that it lacked knowledge of the action against it. The requirements of Rule 15(c)(3) are satisfied.

### 3. Rule 12(b)(6): Whether the Proposed Amended Complaint is Futile

A complaint is futile if "the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller, 408 F.3d at 817 (citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir. 1980)).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

11

Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks and alteration omitted).

The Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp., 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. See Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); see also Papasan v. Allain, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Rule 12(b)(6) "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste

judicial resources and result in unnecessary discovery." Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

Title VII makes it "an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." Risch v. Royal Oak Police Dept., 581 F.3d 383, 390 (6th Cir. 2009) (quoting 42 U.S.C. § 2000e-2(a)(1)). To make out a race-based discrimination claim under Title VII, Plaintiff must show that (1) he is a member of a protected class; (2) he applied for and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, he was rejected for the job; and (4) the position remained open after plaintiff was rejected or went to a less-qualified applicant who was not a member of the protected group. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); White v. Columbus Metropolitan Housing Authority, 429 F.3d 232, 240 (6th Cir. 2005); Abrams v. Johnson, 534 F.2d 1226, 1230-31 (6th Cir. 1976) (adapting McDonnell Douglas to a failure-to-promote situation).

Plaintiff's proposed amended complaint alleges that Plaintiff is "African-American/light-skinned." (ECF No. 27 at 102.)

13

The proposed amended complaint alleges that "Plaintiff applied for [a] position" in the "Hydrogen Cyanide area." (Id. at 104.) Plaintiff alleges that Defendant's promotion policy "allowed persons with more seniority to have first option to remain in a position or first option to be transferred." (Id. at 105.) Plaintiff alleges that he was denied a position in the Hydrogen Cyanide area despite his seniority over white male candidates, who ultimately received the position. (Id. at 104-05.) Plaintiff alleges that "Plaintiff as a black employee was denied promotional opportunities enjoyed by white employees." (Id. at 106.)

Plaintiff's proposed amended complaint states a claim for race discrimination under Title VII. The proposed amended complaint would not be futile. Plaintiff's Motion for Leave to File Amended Complaint is GRANTED insofar as the proposed amended complaint claims race discrimination. Plaintiff's Motion for Leave to File Amended Complaint is DENIED insofar as the proposed amended complaint claims color discrimination. Plaintiff's proposed amended complaint is now the operative complaint. For that reason, Defendant's Motion to Dismiss and Amended Motion to Dismiss are DENIED AS MOOT.

IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Re-Issue Summons is GRANTED, and the Motion for Leave to File Amended

14

Complaint is GRANTED insofar as it claims race discrimination and DENIED insofar as it claims color discrimination. Defendant's Motion to Dismiss and Amended Motion to Dismiss are DENIED AS MOOT.

So ordered this 5th day of February, 2018.

                                              /s/ Samuel H. Mays, Jr.
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE